# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: May 11, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | |
| GAYLE LAWLESS COX, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 17-1895V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Decision Based on Stipulation; Influenza |
| AND HUMAN SERVICES, | * | ("Flu") Vaccine; Shoulder Injury Related to |
| | * | Vaccine Administration ("SIRVA"). |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * | * | |

Michael Firestone, Marvin Firestone, MD, JD and Associates, San Mateo, CA, for petitioner.
Ryan Pyles, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION BASED ON STIPULATION[1]

On December 6, 2017, Gayle Lawless Cox ("petitioner") filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that as a result of an influenza ("flu") vaccine on December 7, 2014, she developed a shoulder injury related to vaccine administration ("SIRVA"). Petition at 1 (ECF No. 1).

On May 11, 2021, the parties filed a stipulation recommending an award of compensation to petitioner. Stipulation (ECF No. 70). Respondent denies that petitioner sustained a SIRVA Table injury within the Table timeframe; denies that the flu vaccine caused her alleged shoulder

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

1

injury, or any other injury or condition.  Id. at ¶ 6.  Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A.  The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that petitioner shall receive the following compensation:

**(1)  A lump sum of $20,000.00 in the form of a check payable to petitioner.**

This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).  Stipulation at ¶ 8.

The undersigned approves the requested amount for petitioner's compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.